UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
WILLIAM A. DARDEN,                  )
                                    )
            Petitioner,             )
                                    )
      v.                            )    Civil Action No. 13-1380 (ABJ)
                                    )
U.S. PAROLE COMMISSION,             )
                                    )
            Respondent.             )
_____)


**MEMORANDUM OPINION**

This matter is before the Court on William A. Darden's petition for a writ of habeas corpus. For the reasons discussed below, the petition will be denied.

I. BACKGROUND

On December 5, 1991, in the Superior Court of the District of Columbia, petitioner was sentenced to an aggregate term of 18 years' incarceration on his conviction of armed robbery and possession of a firearm during a crime of violence. *See* Petition [ECF No. 1] ("Pet.") at 2; United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 7] ("Comm'n Opp'n"), Ex. 1 (Sentence Monitoring Computation Data as of 04-25-2013) at 1. Prior to petitioner's most recent parole release on April 25, 2013, he had been paroled on five occasions; each time parole was revoked and petitioner was returned to custody. *See id.*, Ex. 13 (D.C. Local Revocation Prehearing Assessment) at 1-2. As of April 25, 2013,

petitioner was to remain under supervision through September 12, 2014. *Id*., Ex. 2 (Certificate of Parole) at 1.

Among the 19 general conditions of parole were requirements that petitioner report regularly to his Community Supervision Officer ("CSO") and that he refrain from the use or possession of controlled substances. *See id*., Ex. 2 at 2. In addition, the United States Parole Commission ("Commission") imposed on petitioner the following Special Drug Aftercare Condition:

> [Y]ou shall be subject to the Special Drug Aftercare Condition that requires that you participate, as instructed by your [CSO], in an approved inpatient or outpatient program for the treatment of narcotic addiction or drug dependency. The treatment program may include testing and examination to determine if you have reverted to the use of drugs. You shall abstain from the use of alcohol and all other intoxicants during and after the course of treatment. If so instructed by a Bureau of Prisons institutional employee or your [CSO], you shall reside in, and participate in a program of, the Re-Entry and Sanctions Center until discharged by the Center Director.

*Id*., Ex. 2 at 3.

Within two weeks, according to petitioner's CSO, petitioner violated three conditions of his parole. First, he refused drug treatment at the Re-Entry and Sanctions Center ("RSC"). *Id*., Ex. 3 (Alleged Violation(s) Report dated May 9, 2013) at 2; *see id*., Ex. 13 (D.C. Local Revocation Prehearing Assessment dated September 4, 2013) at 2. Second, positive drug test results for cocaine and PCP indicated that petitioner used controlled substances. *Id*., Ex. 3 at 2. Third, petitioner failed to report for an office visit at the RSC set for May 9, 2013 at 10:30 a.m. *Id*., Ex. 3 at 2. The CSO applied for a parole violation warrant, *see id*., Ex. 4 (Warrant Application dated June 10, 2013), and the Commission issued the warrant on June 10, 2013, *see*

*id*., Ex. 5 (Warrant). Petitioner has been in custody since execution of the warrant on June 27, 2013. *See id*., Ex. 5 (United States Marshal's Return to the United States Parole Commission).

The Commission initially set petitioner's probable cause hearing for July 2, 2013. *Id*., Ex. 7 (Continued Probable Cause Hearing). At petitioner's request, the matter was continued in order that he be considered for the Short Intervention for Success ("SIS") program. *Id*., Ex. 7.[1] The probable cause hearing took place on July 11, 2013. *Id*., Ex. 8 (D.C. Probable Cause Hearing Digest) at 1. Petitioner, who was represented by counsel, admitted each alleged violation, and on this basis, the hearing examiner found probable cause on all three charges. *See id*., Ex. 8 at 2-3.

On that same date, petitioner applied for the SIS program. *Id*., Ex. 8 at 6; *see generally id*., Ex. 9 (Application – Short Intervention for Success). By applying to the SIS program, petitioner waived his right to a parole revocation hearing and agreed to accept "a prison sanction of 8 months or less" based on the nature of the violations he had committed. *Id*., Ex. 9 at 1. His participation in the SIS program was "contingent upon the Commission approving" his application, and his waiver did "not constitute an enforceable agreement with respect to any action the Commission [was] authorized to take by law or regulation." *Id*., Ex. 9 at 1. Had petitioner participated in the SIS program, his parole would have been revoked, and he would have been reparoled on September 26, 2013 after spending approximately three months in custody. *Id*., Ex. 10 (Short Intervention for Success (SIS) Worksheet and Order dated July 11, 2013) at 2.

---

[1] SIS is described "[as] a new type of revocation hearing option that offers the parolee potentially a shorter period of time for resolution of the revocation decision and a shorter term of imprisonment if [parole is] revoked." Comm'n Opp'n at 3 n.3.

3

Although the hearing examiner recommended approval of petitioner's SIS application on July 11, 2013, *id*., Ex. 9 at 3, the Commission disapproved it on July 12, 2013, and instead referred the matter for a revocation hearing.[2] *Id*., Ex. 10 at 4. Petitioner's counsel appeared at the revocation hearing on September 18, 2013, *id*., Ex. 14 (Revocation Hearing Summary dated September 18, 2013) at 1, but petitioner "refus[ed] to attend," *id*., Ex. 14 at 4, based on his belief that the Commission's assertion of jurisdiction over him was "incorrect and illegal," *id*., Ex. 14 at 1. The hearing proceeded nevertheless, and based on the CSO's testimony and exhibits, the hearing examiner found that petitioner had violated the three conditions of parole set forth in the Alleged Violation(s) Report. *See id*., Ex. 14 at 2-3. Parole was revoked, and petitioner is to remain in custody until June 17, 2014, his mandatory release date. *Id*., Ex. 14 at 4.

II. DISCUSSION

A. *Alleged Due Process Violations*

The Court construes the petition as alleging violations of petitioner's right to due process. He contends that his CSO "knowingly submit[ted] false and reckless statements" in the Alleged Violation(s) Report" with respect to the RSC office visit scheduled for May 9, 2013. Pet. at 5. Further, petitioner alleges an "abuse of authority" with respect to his SIS application, *id*., arising from the denial of the application by the Commission notwithstanding the hearing examiner's recommendation that the application be approved. Lastly, petitioner objects to the timing of his

---

[2] The Parole Commissioner to whom petitioner's application was assigned apparently was privy to information that had not been presented to the hearing examiner at the time of the probable cause hearing. *See* Comm'n Opp'n, Ex. 11 (Memorandum to Parole Commissioner from Stephen J. Husk, Case Operations Administrator, U.S. Parole Commission, dated July 12, 2013). The Commissioner learned that, in 2010, "during [petitioner's] last parole violator term, [he] escaped from custody and became involved in bank fraud." *Id*., Ex. 11. Because of petitioner's guilty plea to the bank fraud charge, as well as his "overall record" which included five prior parole revocations, disapproval of his SIS application was recommended. *Id*.

parole revocation hearing, which took place "86 days after [his] arrest" when it should have occurred "between 50-65 days from arrest" on the warrant. Addendum [ECF No. 12] at 1.[3]

A parolee is not without due process rights. However, because "the revocation of parole is not part of a criminal prosecution," a parolee is not entitled to the "full panoply of rights due a defendant in [a criminal] proceeding." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). For example, contrary to petitioner's assertion that a parole violator warrant "base[d] upon unsworn allegations and not supported by oath or affirmation as required by the Fourth Amendment" is invalid, Supplemental Addendum [ECF No. 5], in the parole context a warrant need not comport with the Fourth Amendment, *see Griffin v. Wisconsin*, 483 U.S. 868, 877-78 (1987) (finding that "probation regime would . . . be unduly disrupted by a requirement of probable cause" for issuance of warrants for searches of probationers' homes by probation officers). The minimum requirements of due process in a parole matter include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 489. The respondent demonstrates that these requirements have been met.

The Alleged Violation(s) Report put petitioner on notice of the charges against him, and the revocation hearing was petitioner's opportunity to be heard. The hearing examiner made his

---

[3] The Court presumes that petitioner is referring to the requirement that a hearing examiner "schedule a final revocation hearing to be held within 65 days of [the] parolee's arrest." 28 C.F.R. § 2.101(a).

factual findings based on the only evidence before him – the CSO's testimony and exhibits – and provided petitioner a written summery of his findings and the recommended sanction. Petitioner chose not to participate in the hearing. He thus lost his opportunity to call witnesses of his own, to cross-examine the adverse witness, to challenge the truth of the supposed "false and reckless" statements made by his CSO in the Alleged Violation(s) Report, and to present arguments favorable to his cause.[4]

To the extent that petitioner claims that his revocation hearing was untimely, the appropriate remedy would have been a writ of mandamus to compel the Commission's compliance with the timelines set forth in its regulations. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). Now that the Commission has conducted the hearing, the matter is moot. *See Nelson v. Williams*, 750 F. Supp. 2d 46, 51 n.5 (D.D.C. 2010), *aff'd*, No. 10-5429, 2011 WL 2618078, at *1 (D.C. Cir. June 23, 2011) (per curiam), *cert. denied*, 132 S. Ct. 1035 (2012); *see also Mowatt v. U.S. Parole Comm'n*, 815 F. Supp. 2d 199, 205 (D.D.C. 2011) ("Even if the Court were to agree with Plaintiff that his parole revocation hearing was untimely held, now that he has had such a hearing, the fact of his incarceration – i.e., the Commission's decision to revoke Plaintiff's parole – has been established.").

With respect to the denial of petitioner's SIS application, the Court notes that a parolee has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see Ellis v. District of Columbia*, 84 F.3d 1413, 1417, 1420 (D.C. Cir. 1996) (finding

---

[4] For example, petitioner notes that no sanction had been imposed prior to the Alleged Violation(s) Report, *see* Pet. at 5, yet he offers no support for the proposition that lesser sanctions must be imposed before a CSO can apply for a parole violation warrant by means of the Alleged Violation(s) Report.

6

that neither District of Columbia parole statute nor regulations create a liberty interest in parole). Preliminary approval of a parole decision does not give rise to a protectable interest. *See Cole v. Harrison*, 271 F. Supp. 2d 51, 53 (D.D.C. 2002) ("Petitioner did not acquire a liberty interest as a result of the initial order that granted him parole and that order was subject to rescission without affording him due process at any time prior to his release from custody."). Furthermore, by its terms, the recommended approval of petitioner's SIS application by a hearing examiner is not binding on the Commission itself.

It is the Commission, not the Court, which has the "power to grant a parole or to judicially determine eligibility for parole." *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976) (citing *Brest v. Ciccone*, 371 F.2d 981, 982-83 (8th Cir. 1967) (per curiam)). Courts generally do not "review the discretion of the [Commission] in the denial of applications for parole, or . . . repass on the credibility of reports and information received by the [Commission] in making its determinations." *Id*. Absent any showing by petitioner that the Commission's parole revocation determination lacked a rational basis or otherwise amounted to an abuse of discretion, this Court will not disturb it.

B. *The Commission's Authority to Conduct a Revocation Hearing*

Petitioner contends that the Commission had no authority to revoke parole because the revocation hearing took place on September 18, 2013, after petitioner's statutory release date – August 31, 2013 – had passed. *See* Pet. at 5. He is mistaken.

The Commission is authorized to "[i]ssue a summons requiring the offender to appear for a probable cause hearing or local revocation hearing" when he "is alleged to have violated the conditions of his release." 28 C.F.R. § 2.98(a)(1). The warrant "may be issued only within the [parolee's] maximum term or terms," and it "operates to bar the expiration of the parolee's

7

sentence." *Id*. § 2.98(d). As of April 25, 2013, petitioner's most recent parole release, he was to remain under parole supervision through September 12, 2014. His sentence had not expired when the Commission issued its parole violation warrant on June 10, 2013 or when its warrant was executed on June 27, 2013. The warrant was issued timely, regardless of the date on which the revocation hearing ultimately took place, and the Commission had full authority to conduct revocation proceedings and to revoke petitioner's parole. *See, e.g., Garner v. Caulfield*, 584 F. Supp. 2d 167, 169 (D.D.C. 2008) (concluding that, where Commission issued violator warrant before parolee's full-term expiration date, it was authorized to revoke parole).

Petitioner does not demonstrate that his "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the petition for a writ of habeas corpus will be denied. An Order is issued separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: July 28, 2014